UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MALDONADO,<br><br>                Petitioner,<br><br>    v.<br><br>F. FOULK, WARDEN, HIGH DESSERT STATE P.,<br><br>                Respondent. | No. EDCV 14-1986 RGK (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION;<br><br>DENYING A CERTIFICATE OF APPEALABILITY |

### **DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE**

On or about September 16, 2014, petitioner Carlos Maldonado ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] Petitioner challenges a conviction and sentence imposed by the Los Angeles County Superior Court in 2003.

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988). In this case, Petitioner has not attached a proof of service to the Petition. However, petitioner's signature on the Petition is dated September 16, 2014. Therefore, the Court will assume, without deciding, that the Petition was constructively filed no earlier than September 16, 2014.

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") Petitioner filed in this Court on or about January 6, 2006, Case No. EDCV 05-1004 RGK (FFM). The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in Los Angeles County Superior Court in 2003. On June 13, 2008, Judgment was entered in Case No. EDCV 05-1004 RGK (FFM) denying the Prior Petition on the merits and dismissing the action with prejudice.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

/ / /

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Therefore, because the Petition now pending challenges the same conviction as Petitioner's Prior Petition, it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not previously asserted, as appears to be the case, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

### "REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the Petition must be referred to the court of appeals. However, on its face the Petition states that it is directed to this Court and nothing in the Petition sets forth any basis for concluding that it was filed with the intention of obtaining any order permitting the filing of a second or successive petition. Thus, the Court cannot conclude that the Petition was mistakenly submitted to this Court. Moreover, any such transfer to the court of appeals would appear to be a useless

///

act in that the one year limitations period provided in the Act expired in 2006. Therefore, the Court declines to transfer the Petition to the Ninth Circuit Court of Appeals.

## DENIAL OF CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a certificate of appealability ("COA") should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground that it was a second or successive petition. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484.  As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.  Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

529 U.S. at 485.

Here, the Court finds that its ruling is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Court has no jurisdiction over the Petition.

## **ORDER**

This action is dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A certificate of appealability is denied.

DATED:  October 2, 2014

_____
R. GARY KLAUSNER
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge